UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRIS M. BLANKS, | ) |
| Movant, | ) |
| v. | ) No. 4:22-CV-1257 RLW |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter under 28 U.S.C. § 2255 is before the Court on review of Movant Jerris M. Blanks' pro se Motion for Release Pending Disposition of Habeas Corpus and Expedited Ruling Due to Medical Emergency (ECF No. 3), and Supplemental Motion for Release Pending Disposition of Motion to Vacate and Request for Expedited Ruling Due to Medical Emergency (ECF No. 20). In support of his motions, Blanks asserts that the claims set forth in his Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 are likely to succeed, and that he can show "exceptional and rare circumstances" warranting immediate release on bond, specifically that he has untreated sleep apnea in addition to a number of other medical conditions and receives inadequate medical care in the federal Bureau of Prisons, and he is needed to care for his elderly, disabled grandmother while his mother undergoes heart surgery. The United States has not responded to these motions. After careful review of the record, Blanks' motions will be denied.

**Procedural History**

Blanks was indicted by a federal grand jury in the underlying criminal case on June 29, 2016, United States v. Blanks, Case No. 4:16-CR-270 ERW (the "Criminal Case").[1] Blanks was charged with one count of possession of child pornography in violation of 18 U.S.C.

---

[1] The Criminal Case was later reassigned to this Court.

§ 2252A(a)(5)(B). On June 14, 2017, Blanks was charged by superseding indictment with one count of receipt of child pornography in violation in violation of 18 U.S.C. § 2252A(a)(2), and two counts of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On January 16, 2019, after a three-day trial, Blanks was found guilty by a jury on all counts of the superseding indictment.

On May 15, 2019, Judge E. Richard Webber sentenced Blanks to a term of 130 months imprisonment on each of counts one, two, and three, all such terms to be served concurrently, 15 years of supervised release, with restitution to be determined within 70 days. (Crim. Case ECF No. 248). Blanks was remanded to the custody of the United States Marshal, and the federal Bureau of Prisons ("BOP") designated Blanks for placement at FCI Texarkana, in Texarkana, Texas, and later transferred him to FCI Seagoville, in Seagoville, Texas, where he is currently incarcerated.

Blanks filed a Notice of Appeal on May 15, 2019. On August 1, 2019, Judge Webber issued an Amended Judgment that included a restitution order in the amount of $5,000.00 pursuant to 18 U.S.C. § 3663A. (Crim. Case ECF No. 269). On April 13, 2020, the Eighth Circuit Court of Appeals granted the parties' joint motion for a limited remand for the district court to resentence Blanks on Count Two of the superseding indictment, and held the appeal in abeyance pending the district court's entry of an order or amended judgment. The parties agreed that remand for resentencing was appropriate because the sentence imposed on Count Two of the superseding indictment exceeded the statutory maximum. (Id. No. 276).

Judge Webber held a resentencing hearing on May 4, 2020, in which Blanks and all counsel participated by telephone under Section 15002(b)(2)(A) of the CARES Act, as a result of the COVID-19 crisis. (Crim. Case ECF No. 284). Judge Webber resentenced Blanks to a total term of 130 months imprisonment, consisting of a term of 130 months on each of counts one and three,

and 120 months on count two, all such terms to be served concurrently. (Id. No. 285). The supervised release term and restitution order were unchanged. (Id.)

While the appeal was pending, Blanks filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), based on medical conditions that he asserted placed him in exceptional danger due to conditions of incarceration during the COVID-19 pandemic. (Crim. Case ECF No. 296). The Office of the Federal Public Defender supplemented Blanks' motion for compassionate release. (Id. No. 302). The United States opposed the motion (id. No. 308) and Blanks, though counsel, filed a Reply (id. No. 310).

On February 1, 2021, the Eighth Circuit affirmed Blanks' conviction and judgment. United States v. Blanks, 985 F.3d 1070 (8th Cir. 2021).

On May 12, 2021, Judge Webber denied Blanks' motion for compassionate release without prejudice, concluding that Blanks failed to show he exhausted BOP administrative remedies as required by the statute. Judge Webber also discussed all of Blanks' assertions concerning his medical conditions, but concluded that even if the motion was properly exhausted, Blanks failed to meet his burden to show he qualified for compassionate release, as he did not identify an extraordinary and compelling reason justifying early release. (Crim. Case ECF No. 321).

Blanks filed a motion for reconsideration and second motion for compassionate release through counsel (id. Nos. 324, 338), and a number of pro se motions for reconsideration, to amend and supplement the compassionate release motion, and to disqualify Judge Webber. (Id. Nos. 332-334, 336, 340, 350). On reconsideration, in a careful and detailed opinion, Judge Webber found that Blanks had properly exhausted his administrative remedies, but concluded Blanks still failed to establish extraordinary and compelling reasons for his release and denied the various motions. (Id. No. 363). Among numerous other things, Judge Webber found that neither Blanks' various medical conditions nor his need to help care for his elderly grandmother constituted an

3

extraordinary and compelling reason (id. at 18-19). Judge Webber also reweighed the 18 U.S.C § 3553(a) factors and found that given the nature of circumstances of Blanks' offense, he failed to carry his burden for release. (Id. at 21). Blanks subsequently filed a number of pro se motions seeking reconsider and for Judge Webber to recuse and disqualify himself (Crim. Case ECF Nos. 366, 367, 370, 371, 374). Judge Webber denied all of these motions and Blanks filed a notice of appeal of the denial of his motions to recuse and disqualify. (Id. Nos. 376).

On October 3, 2022, the case was reassigned to this Court. (Id. No. 385). On October 28, 2022, the Eighth Circuit summarily affirmed Judge Webber's denial of the motions to recuse and disqualify himself from the case. (Id. No. 391). On December 27, 2022, the Eighth Circuit denied Blanks' petition for rehearing by the panel. (Id. No. 393). On December 6, 2021, the United States Supreme Court denied Blanks' petition for writ of certiorari. Blanks v. United States, 142 S. Ct. 596 (Mem.) (Dec. 6, 2021).

Meanwhile, on November 22, 2022, Blanks filed his 167-page Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 1). On December 28, 2022, Blanks filed the instant Motion for Release Pending Disposition of Habeas Corpus and Expedited Ruling Due to Medical Emergency (ECF No. 3). Blanks filed a Motion for Emergency Ruling of Motion for Release on Bond Pending Disposition of Habeas Corpus in the Criminal Case on April 6, 2023 (Crim. Case ECF No. 395), and a Supplement to that motion (id. No. 396). Blanks filed a Supplemental Motion in the instant § 2255 case on May 15, 2023 (ECF No. 20). The Court will discuss all of Blanks' motions, in the order they were filed.

**Discussion**

Blanks seeks release on bail pending a determination of his § 2255 habeas motion under Martin v. Solem, 801 F.2d 324, 329 (8th Cir. 1986). "In spite of the lack of specific statutory authorization, it is within the power of a District Court of the United States to enlarge a state

4

prisoner on bond pending hearing and decision on his application for a writ of habeas corpus." Id. (quoting In re Wainwright, 518 F.2d 173, 174 (5th Cir. 1975) (per curiam) (citations omitted)).

The power to release "applicants to bail pending the decision of their cases" is one "to be exercised very sparingly." Watson v. United States, 2020 WL 3832576, at *2 (E.D. Mo. July 8, 2020) (quoting Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985)). "The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal." Cherek, 767 F.2d at 337. Further, release on bail is not favored in federal habeas corpus proceedings because it "supplies the sought-after remedy before the merits of petitioner's application are determined." Iuteri v. Nardoza, 662 F.2d 159, 161 (2d Cir. 1981).

To obtain release pending habeas review, the petitioner must overcome a "formidable barrier." Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972). The high standard applicable to requests for release while a federal court considers a habeas petition "reflects the recognition that a preliminary grant of bail is an exceptional form of relief in a habeas corpus proceeding." Lucas v. Hodden, 790 F.2d 365, 367 (3d Cir. 1986). In Martin v. Solem, the Eighth Circuit held that release on bail pending disposition of a habeas petition "requires the habeas petitioner to show not only a substantial federal constitutional claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts." 801 F.2d at 329 (citation omitted). In addition, the habeas petitioner must *also* show that there exists "some circumstance making the request exceptional and deserving of special treatment in the interests of justice." Id. (citation omitted). Habeas petitioners are rarely granted release on bail pending disposition. Id. (holding that release on bail was improperly granted).

Here, Blanks fails to meet his burden with respect to either requirement of the high standard required by Martin. Based on the Court's preliminary review of the twenty-three claims asserted in Blanks' § 2255 motion, the Court cannot say at this point that Blanks has shown the existence of a substantial federal constitutional claim that presents a clear case on the law, much less one that presents a "clear and readily evident" case on the facts. Blanks merely recites and reargues the allegations he makes in support of his § 2255 motion. "[T]here is nothing unusual about a claim of unlawful confinement in a habeas proceeding." Martin, 801 F.2d at 330. Further, a number of Blanks' § 2255 claims could have been raised on direct appeal but were not, and therefore appear to be procedurally barred. See United States v. Frady, 456 U.S. 152, 168 (1982). Because Blanks fails to meet the first part of the high burden of proof set forth in the Martin v. Solem two-part test, his motion must be denied. As a result, the Court need not address the second part of the test, but will do so in the interest of judicial economy and making a full explanation of its decision.

Blanks also does not show exceptional circumstances making his request "deserving of special treatment in the interests of justice." Martin, 801 F.2d at 329. Blanks argues that his medical conditions, including Type 2 diabetes, high blood pressure, heart disease, asthma, reduced lung volume, neuropathy nerve damage, untreated anxiety and depression, obesity, and untreated sleep apnea, present exceptional circumstances. The Court does not agree, as Blanks does not establish the existence of a medical emergency or other special circumstance.

Blanks previously offered his numerous medical conditions as grounds for compassionate relief under 18 U.S.C. § 3582(c). The standards applicable to review of § 3582(c) motions present an analogous context for a determination of exceptional circumstances deserving of special treatment under the second part of the Martin test. Judge Webber concluded after careful review of the extensive briefing and supporting exhibits that Blanks' medical conditions did not constitute exceptional circumstances for compassionate relief during the height of the COVID-19 pandemic.

See Mem. and Order of Jan. 7, 2022 (ECF No. 363). At that time, Blanks' BOP medical records indicated he had current diagnoses for Type 2 diabetes mellitus with diabetic neuropathy, Hyperlipidemia (unspecified), anxiety disorder, hypertensive heart disease without heart failure, allergic rhinitis, asthma, and gastro-esophageal reflux disease. (ECF No. 345). Blanks was categorized as a Medical Care Level 2 by the BOP at that time, indicating stable, chronic care. (Id.) There is nothing in the record to show that Blanks' BOP medical care level has changed.

Blanks' current motion emphasizes his untreated sleep apnea, which he describes as putting him at risk of sudden death, particularly when considered in combination with his other medical conditions listed above. In some of Blanks' previously filed compassionate release motions, he complained of not receiving a sleep study for suspected sleep apnea. Blanks was later diagnosed with "mild mixed sleep apnea" after a sleep study conducted on December 13, 2021. (ECF No. 3-5). Recommendations included "nocturnal pressure therapy after a titration study." (Id.) Now, Blanks complains that he has not yet been issued a CPAP machine. Blanks also contends that FCI Seagoville "is known for having inadequate health care in violation of the standard of health care, including slow treatment, and allowing inmates to die from situations that could have been prevented[.]" (ECF No. 3 at 10).

In a supplement to the motion (ECF No. 4), Blanks asserts that his mother suffers from aortic stenosis, a heart condition that urgently requires surgery, and that she is sole caregiver to his 83-year-old grandmother and works full time as a registered nurse, which forces her to leave the grandmother alone at night. Blanks asserts that there is no one else available to look after his grandmother while his mother undergoes surgery and during her recovery, both women need him there to be a caregiver, and he could get better health care and a CPAP machine.

In another supplement (ECF No. 5), Blanks submits a cardiologist's Consultation Note documenting an examination of his mother, Linda Padgitt, on January 4, 2023. The Consultation

7

Note states that Ms. Padgitt has, among other conditions, "severe aortic stenosis with valve preserved systolic function" and was being referred to another doctor for a "possible TAVR." (ECF No. 5-1). According to the National Heart, Lung, and Blood Institute's website, TAVR stands for transcatheter aortic valve replacement. "TAVR replaces an aortic valve that is not working properly or is diseased with an aortic valve made from animal tissue. The TAVR procedure is minimally invasive, requiring only a small cut in the skin. It does not require open-heart surgery."[2]

Blanks' Motion for Emergency Ruling of Motion for Release on Bond Pending Disposition of Habeas Corpus (Crim. Case ECF No. 395) filed in the Criminal Case reiterates the points he previously raised and includes a letter from Blanks that states his mother is "scheduled for open heart surgery in May 2023, and could possibly not survive the procedure." (Id. No. 395-1). Blanks again states that his mother is the sole caregiver for his 84-year-old grandmother, who is handicapped and requires assistance with her daily activities. (Id.) Blanks filed a Supplement to this motion (id. No. 396) that consists of letters from his mother and grandmother. The grandmother's letter (dated April 3, 2023) states that her daughter will soon have open-heart surgery and she is afraid to be alone without her during the surgery and recovery period because she is elderly and handicapped. She asks that Blanks be released on bond so he can help her. (Id. at 2). The mother's letter (dated April 2, 2023) states she was scheduled for "mandatory cardiac surgery" on April 13, 2023, is at risk of death if she does not have the surgery, and has no one to look after her mother. She asks that Blanks be released to look after her and her mother during the recovery period following surgery. (Id. at 4). There are no medical records, doctor's notes, or other

---

[2] National Heart, Lung, and Blood Institute, "Transcatheter Aortic Valve Replacement (TAVR)," https://www.nhlbi.nih.gov/health/tavr (last visited May 18, 2023).

evidence submitted along with the letters. It is unknown whether Blanks' mother has had surgery as of the date of this Memorandum and Order.

Blanks' Supplemental Motion (ECF No. 20) filed in this case primarily addresses the merits of the claims in his § 2255 motion. (Id. at 2-22). Blanks also reiterates his exceptional and rare circumstances for release as that "he can literally die if he remains in custody untreated for his medical condition (sleep apnea)," and that "his mother needs to have an open heart surgery in May, to avoid death according to her doctor, and is the only available[e] caregiver to his 84 year old grandmother." (Id. at 23). The Supplemental Motion does not include any exhibits or additional medical records to support Blanks' claim that his mother requires open-heart surgery in May. In a letter attached to the Supplemental Motion, Blanks states that his mother's open-heart surgery was "postponed due to her need for a blood transfusion." (ECF No. 20-1). While Blanks asserts that his "family is willing to share [his mother's] medical records with the Court," (id.), Blanks has not provided these records.

Blanks does not provide anything other than his own statements to establish that his diagnosis of mild mixed sleep apnea places him at significant risk of sudden death absent treatment with a CPAP machine. Blanks cites to numerous online sources for the well-established propositions that sleep apnea can cause or exacerbate other health problems, including but not limited to heart disease, diabetes, and high blood pressure, which Blanks suffers from. (ECF No. 20 at 25-26, 28). Blanks argues that people with sleep apnea have a higher risk of heart attack, stroke, or death, and that he faces sudden death because he has not been provided a CPAP machine.

Blanks' online sources indicate that an individual's risk for serious health consequences increases with the severity of their sleep apnea. See, e.g., American Academy of Sleep Medicine ("AASM") (ECF No. 20 at 26):

> A study in the August 1 [2008] issue of the journal Sleep shows that people with *severe sleep apnea* have a much higher mortality risk than people without sleep

9

> apnea, and this risk of death increases when sleep apnea is untreated.
>
> Results show that people who have *severe sleep apnea*, which involves frequent breathing pauses during sleep, have three times the risk of dying due to any cause compared with people who do not have sleep apnea. This sleep apnea risk is represented by an adjusted hazard ratio of 3.2 after controlling for age, sex and body mass index.[3]

(Emphases added).

None of Blanks' cited sources indicate that mild mixed sleep apnea places individuals at high risk for sudden death absent CPAP treatment. More importantly, Blanks provides no medical records or other information to support that he *in fact faces such a risk* and is thus facing a medical emergency. Rather, this appears to be Blanks' own interpretation of his medical condition based on articles from the internet.

As a result, after careful consideration of the entire record as set forth in the various compassionate release motions filed in the underlying criminal case in addition to the motions for bail pending a decision in this case, the Court finds that Blanks' medical conditions and lack of a CPAP machine are not medical emergencies or exceptional circumstances making his request "deserving of special treatment in the interests of justice." Martin, 801 F.2d at 329.

Blanks' assertion that he needs to help care for his elderly grandmother while his mother undergoes surgery also does not constitute an exceptional circumstance warranting release on bond. In addressing Blanks' compassionate release motions, Judge Weber considered the related argument that Blanks needed to help care for his elderly grandmother, but concluded the request was not extraordinary and compelling. (ECF No. 363 at 18-19). In the compassionate release context, "A defendant's family circumstances constitute extraordinary and compelling reasons

---

[3] AASM, "Study Shows that people with sleep apnea have a high risk of death," https://aasm.org/study-shows-that-people-with-sleep-apnea-have-a-high-risk-of-death (last visited May 18, 2023).

when 'the caregiver of the defendant's minor child or minor children' dies or is incapacitated or when 'the defendant's spouse or registered partner' is incapacitated and 'the defendant would be the only available caregiver for the spouse or registered partner.'" United States v. Rodd, 966 F.3d 740, 747 (8th Cir. 2020) (quoting U.S.S.G. § 1B1.13 com. n.1(C)).

Although the Section 1B1.13 standard is not controlling here, the Court finds it instructive. While the situation Blanks describes concerning his grandmother's need for care during and after his mother's surgery is unfortunate, it is a matter that will have a limited duration, unlike the situation where the caregiver of a minor child dies, or where a spouse or registered partner becomes incapacitated. Further, there is nothing in the record to indicate there are no options for home health services potentially available to assist Blanks' grandmother with activities of daily living during the time Blanks' mother will be recovering, whether through Medicare, Medicaid, or a private home health care provider. In sum, this difficult family circumstance is not exceptional or rare, and the Court finds it does not make Blanks' request for bond pending resolution of his §2255 Motion "deserving of special treatment in the interests of justice." Martin, 801 F.2d at 329.

**Conclusion**

For the foregoing reasons, Blanks' motions and supplemental motions for release pending disposition of his § 2255 case are denied, including the motion filed in the underlying criminal case, 4:16-CR-271 RLW. That motion will be denied by separate order in the criminal case.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Jerris M. Blanks' pro se Motion for Release Pending Disposition of Habeas Corpus and Expedited Ruling Due to Medical Emergency (ECF

11

No. 3), and Supplemental Motion for Release Pending Disposition of Motion to Vacate and Request for Expedited Ruling Due to Medical Emergency (ECF No. 20), are **DENIED**.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>19th</u> day of May, 2023.