# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JERRIS M. BLANKS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:22-CV-1257 RLW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This federal prisoner habeas corpus matter under 28 U.S.C. § 2255 is before the Court on Movant Jerris M. Blanks' Motion to Obtain Evidence and Documents in Support of Habeas Corpus Claims (ECF No. 7). Respondent the United States opposes the motion (ECF No. 14) and Blanks filed a Reply in support (ECF No. 19). For the following reasons, Blanks' motion for discovery is denied in all respects.

## Background

Blanks was indicted by a federal grand jury in the underlying criminal case on June 29, 2016, United States v. Blanks, Case No. 4:16-CR-271 ERW (the "Criminal Case").[1] Blanks was charged with one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On June 14, 2017, Blanks was charged by superseding indictment with one count of receipt of child pornography in violation in violation of 18 U.S.C. § 2252A(a)(2), and two counts of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On January 16, 2019, after a three-day jury trial, Blanks was found guilty on all counts.

---

[1] The Criminal Case was reassigned to this Court on October 3, 2022, following the retirement of the Honorable E. Richard Webber, and the case number is now 4:16-CR-271 RLW.

Judge E. Richard Webber ultimately sentenced Blanks to a term of 130 months imprisonment, consisting of a term of 130 months on each of counts one and three, and 120 months on count two, all such terms to be served concurrently. On February 1, 2021, the Eighth Circuit affirmed Blanks' conviction and judgment. United States v. Blanks, 985 F.3d 1070 (8th Cir. 2021). On November 22, 2022, Blanks filed a Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 1).

**Blanks' Motion for Discovery**

Blanks' motion states that his § 2255 motion "raised several claims of constitutional violations, more specifically a Napue claim of several perjured statements, multiple false documents, and fabricated evidence presented by the Government and their witnesses[.]" (ECF No. 7 at 1. Blanks does not specifically identify which of the twenty-three claims in his § 2255 motion are involved in his motion for discovery, however. Blanks asserts that because he "uncovered new proof of falsified documents, and evidence of multiple perjured statements creating a reasonable likeliness that more exist, and that this evidence was not available during trial, due to counsel's failure to prepare and investigate, he now seeks to further develop his claims[.]" (Id. at 2.)

Blanks seeks discovery of the following documents or categories of documents:

A. The original Google compliant [sic] and report from the May 7, 2015 incident connected to email account stlfixhop@gmail.com, because the one used in trial was altered, as it was not consistent with the Government's claims, and withheld exculpatory evidence, such as tower locations, service provider, account holder, and GPS location.

B. All documents recovered and connected to the Freedom of Information Act (FOIA) request made by Mr. Blanks on August 10, 2022 (request number EOUSA-2022-002670), as it would cost $1,520.00 to obtain these documents, but because MR. Blanks is Informa paprus [sic], he ask this Court to allow him to receive these documents without the financial burden, on the grounds that the first request made to FOIA uncovered proof of falsified documents.

2

> C. Evidence used in trial from the phone, which had a break in the chain of custody, that the Government went out of their way to cover up, by falsifying the chain-of-custody form to cooberate [sic] with their perjured claim, Mr. Blanks request (1) a photo of the phone presented in Court powered on: (2) photo of "about phone" setting displaying the phone's information such as JP address, phone number, IMEI number, serial number; (3) photo of text messages on the phone: (4) photo of phone contacts: (5) photo of phone's service provider; (6) photo of phone the day it was confiscated in 2015; and (7) photo of all apps, games, personal photos and music on the phone.
>
> D. Because the Government's witnesses multiple instances of perjury was all consistent with each other, showing a meeting of the minds to conspire to deprive Mr. Blanks of his freedom, he ask for all emails in reference to Jerris M. Blanks, case number 4:16-cr-271, evidence, or Samsung phone because the perjury was all consistent with each witness, between AUSA Robert Livergood and Donya Jackson from November 1 to November 16, 2018; AUSA Robert Livergood and Kenneth Nix from January 1, 2016 to September 1, 2016, November 1, 2018 to January 30, 2019; AUSA Robert Livergood and Sgt Adam Kavanaugh all emails regarding this case from August 1, 2011 to January 16, 2019; AUSA and Detective Michael Slaughter from November 1, 2018 to November 16, 2018; AUSA and Kevin Whitely all emails in regards to this case from January 1, 2016 to December 1, 2017, as Kevin Whiteley wrote a letter to Mr. Blanks informing him that emails exist that hold further evidence that AUSA Livergood was aware the phone had been viewed before, confirming the perjured claims that it had not been; AUSA and Patrick Wilds from January 1, 2015 to September 1, 2016.
>
> E. The audio transcripts from the trial and sentecing [sic], because there are several changes, and redacts in the paper transcripts, which do not accuratley [sic] reflect the legal proceeding.

(ECF No. 7 at 2).

**<u>Legal Standard</u>**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997). Instead, Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Court controls the discovery process in Section 2255 actions. The Eighth Circuit Court of Appeals has described the process as follows:

> Rule 6(a) . . . provides that "[a petitioner] shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the

3

> extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." The Supreme Court has developed a general approach to the question of whether a petitioner has established "good cause" sufficient to warrant discovery under Rule 6(a). See Bracy, 520 U.S. at 904-09. Under Bracy, a habeas court must identify the "essential elements" of the petitioner's substantive claim, id. at 904, evaluate whether "'specific allegations . . . show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief,'" id. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)), and, if the petitioner has made such allegations, "'provide the necessary facilities and procedures for an adequate inquiry,'" id."

Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2004).

The burden to establish "good cause" rests with Blanks as the moving party, and his supporting factual allegations must be specific in order to warrant discovery. See, e.g., Smith v. United States, 618 F.2d 507, 509 (8th Cir. 1980) (per curiam) (good cause for discovery not shown where movant failed to state what he hoped to find in records or how they would help him prosecute his section 2255 motion). "Mere speculation that some exculpatory material may have been withheld is unlikely to establish good cause for a discovery request on collateral review." Strickler v. Greene, 527 U.S. 263, 286 (1999). Rule 6 of the Rules Governing Section 2255 Proceedings does not authorize a "fishing expedition." Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999).

**Discussion**

As a threshold matter, Blanks' stated basis for his motion for discovery, that he has "uncovered new proof of falsified documents, and evidence of multiple perjured statements," is conclusory and untethered to specific claims in his § 2255 motion. To the extent this conclusory assertion is more developed fully in his Reply, it appears to be based on either a mischaracterization or misunderstanding of the evidence presented at trial. The Court will address each request, though in somewhat different order than presented in Blanks' motion.

A. <u>Original Google Complaint and Report</u>

Blanks requests the "original" May 2015 report made by Google to the National Center for Missing and Exploited Children that stated Blanks' Google email account was uploading child pornography to one of its servers. Blanks' motion offers no factual basis to support his assertion that the Google report presented at trial was altered from the "original" Google report. Nor does Blanks state in what manner the Google report was altered, although his Reply asserts vaguely that the "Government's version of the Google affidavit and complaints were altered, because it did not match the activity of the Google account displayed on the screen during trial." (ECF No. 19 at 2.) Blanks provides no factual support for his assertion that "exculpatory evidence, such as tower locations, service provider, account holder, and GPS location" was withheld, explain how such evidence would be exculpatory, or explain how this alleged evidence would help him prosecute his § 2255 motion.

In his Reply, Blanks asserts that Assistant U.S. Attorney ("AUSA") Robert Livergood "committed perjury by alleging the Google account was instantly deactivated directly after the illegal email was sent, making it impossible for [Blanks] to report the illegal images, and that his account had been hacked or compromised to Google." (ECF No. 19 at 2.) Blanks does not identify which claim(s) in his § 2255 motion this assertion relates to. Blanks quotes from the trial transcript as AUSA Livergood questioning him on cross-examination, about Blanks' testimony that he sent an email to Google after he saw "something inappropriate" in an email, to alert Google that his account had been hacked. The AUSA's questioning appears to be consistent with the evidence presented at trial, including records from Google that did not show any emails sent from Blanks to Google support. The portion of the transcript Blanks quotes, where the AUSA retracted a statement he made during cross-examination, does not indicate "perjury."

5

The Court finds that Blanks has not shown good cause that would entitle him to receive the requested discovery in this proceeding and this request is denied.

B.  <u>Documents Connected to FOIA Request and Request for Fee Waiver</u>

Blanks' requests for documents B. and D., read together with his Reply, indicate that he made a Freedom of Information Act request on August 10, 2022 seeking emails referring to himself, the Criminal Case, "evidence" and the Samsung phone, between AUSA Livergood, Blanks' defense counsel Mr. Whiteley, and several prosecution witnesses, to establish that a conspiracy existed to present perjured testimony against him. Blanks states that he received 80 pages of documents at no cost pursuant to his FOIA request but was informed he would have to pay $1,520.00 to receive all of the requested documents. Blanks asks the Court to allow him to obtain the remainder of the documents he requested under FOIA without having to pay for them, based on his in forma pauperis status in this case. In support, Blanks asserts that the documents he received pursuant to his FOIA request "uncovered proof of falsified documents." Blanks does not identify what the "proof of falsified documents" is or specify which of his § 2255 claims they concern.

The Government's opposition includes a letter to Blanks dated August 16, 2022 from the U.S. Department of Justice, Executive Office for United States Attorneys, which informed Blanks that it was searching for documents responsive to his FOIA request, had reached the two hours of search time to be provided at no charge, and under 28 C.F.R. § 16.10(i) was requesting advance payment of $1,520.00 as it estimated an additional thirty-eight hours of search time was required. (ECF No. 14-2 at 1.) The letter informed Blanks that he had the option to narrow his request as a way of reducing the cost, or that he could specify he would pay up to a only certain amount, but the matter would be closed if he did not respond within thirty days. (<u>Id.</u> at 1-2.) The letter also

6

informed Blanks of his administrative appeal rights and provided contact information for further assistance. (Id. at 2.)

As an initial matter, while this case is not an action pursuant to FOIA, the payment or waiver of assessed fees or an administrative appeal from the denial of a fee waiver request is an element of exhaustion under FOIA. See Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 66 (D.C. Cir. 1990) ("Exhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees.") (citations omitted). Unless there is a fee waiver, payment of assessed fees is required "[r]egardless of whether the plaintiff 'filed' suit before or after receiving a request for payment." Trueblood v. U.S. Dept. of Treasury, I.R.S., 943 F. Supp. 64, 68 (D.D.C. 1996) (citing Pollack v. Dep't of Justice, 49 F.3d 115, 120 (4th Cir. 1995)).

If Blanks wishes to obtain a fee waiver for his FOIA request, he must seek to do so through the appropriate administrative process, not by asking this Court to obtain the documents free of change in this § 2255 action based on his indigence.

Further, even if the request was appropriate, Blanks does not make specific supporting factual allegations or explain how the FOIA documents would help him prosecute his § 2255 motion. To the extent Blanks asserts that his former defense counsel wrote a letter "informing him that emails exist that hold further evidence that AUSA Livergood was aware the phone had been viewed before, confirming the perjured claims that it had not been," this is an inaccurate description of the letter's contents. In pertinent part, the letter to Blanks from attorney Kevin M. Whiteley dated December 26, 2022 states:

> [Y]our letter requests a copy of the e-mail sent to Ass't U.S. Attorney Robert Livergood, which formed the basis of his letter dated August 18, 2017, and documentation identifying the person who reviewed a Samsung telephone.
>
> As there is quite a bit of discovery that I received from the government during my representation of you, it could take me a couple of hours to find what you are

    seeking. Thus, if you want me to review the material, I will need a deposit of $480 to conduct the review. Unfortunately, I cannot provide you with a guarantee that I will find the documents identifying the person who reviewed or allegedly reviewed the Samsung telephone.

(ECF No. 19-3.) The attorney's letter does not say, as Blanks asserts, "that emails exist that hold further evidence that AUSA Livergood was aware the phone had been viewed before, confirming the perjured claims that it had not been." Instead, the attorney merely offers to search for an email that Blanks requested, that he could not guarantee he could locate.

    Blanks fails to show good cause for this discovery and the request is denied.

    C.  <u>Photographs of the Samsung Cell Phone</u>

    Blanks asks for detailed photographic evidence related to his Samsung cell phone that was seized by St. Louis County Police Detective Michael Slaughter and forensically examined by Detective Corporal Kenneth Nix of the Clayton Police Department. Blanks' request asserts that the chain-of-custody form relating to the cell phone was "falsified . . . to cooberate [sic] with their perjured claim." (ECF No. 7 at 2.) In his Reply, Blanks asserts that he has proof of perjured testimony based on a statement in AUSA Livergood's August 18, 2017 letter to defense counsel, obtained through his FOIA request: "Regarding the Samsung phone forensic report, I was informed that the phone was manually reviewed and no forensic report was generated." (ECF No. 19-2 at 2.) Blanks contends this statement establishes that testimony and evidence at trial, that the phone was not forensically analyzed until December 28, 2018, was perjury. (ECF Nos. 19 at 3.)

    Blanks' assertion is unpersuasive. The statement in AUSA Livergood's letter that the cell phone "was manually reviewed and no forensic report was generated" is consistent with trial testimony and the chain of custody form admitted into evidence that included a checkmark indicating the phone had not been analyzed prior to December 2018. The statement in the AUSA's letter does not support Blanks' allegations of perjured testimony and false evidence.

8

Further, Blanks does not make any factual allegations to explain which of his § 2255 claims the photographs of his Samsung cell phone would support, or how they would help him prosecute his § 2255 motion. As such, Blanks fails to establish good cause for this discovery and this request is denied.

D.  Audio Transcripts of Trial and Sentencing

Blanks requests "audio transcripts" from the trial and sentencing, "because there are several changes, and redacts in the paper transcripts which do not accurately reflect the legal proceeding." (ECF No. 7 at 2.)

As a practical matter, the Government does not possess audio recordings of the jury trial or sentencing, which renders any compliance with this request impossible. Further, Blanks' conclusory assertion that transcripts of his trial and sentencing prepared by the Official Court Reporter are inaccurate and have "several changes" is unsupported by any specific description of the inaccuracy and charges, much less by evidence. Blanks also does not identify which of his § 2255 claims the alleged "changes" are relevant to, or how this evidence would help him prosecute his § 2255 motion.

The Court finds that Blanks fails to establish good cause for this discovery and the request is denied.

E.  Fabricated or Altered Investigation Report from 2011

Finally, Blanks asserts in his Reply that he shows proof of good cause to support his discovery requests based on a police report dated August 18, 2011 prepared by Adam Kavanaugh, a sergeant with the St. Louis County Police Department. Blanks asserts that Sgt. Kavanaugh, "whom [sic] also committed perjury and lead [sic] the entire investigation" against him, "clearly" altered the police report because it stated that Blanks' place of employment was "Piza [sic] Sales

9

Group," which Blanks states he did not start working for until June 2016, as shown on his Presentence Investigation Report. (ECF No. 19-1 at 3, 4.)

This assertion is of doubtful significance. Blanks himself would have been the source of information concerning the identify of his employer, both when he was interviewed by Sgt. Kavanaugh in 2011 and when he was interviewed for the Presentence Report. More importantly, Blanks does not link the assertion concerning his prior employment to any specific discovery request he makes in the instant motion or to any of the claims in his § 2255 motion, and it appears to concern an extraneous issue. Contrary to Blanks' assertion, this does not establish fraud and perjury in Blanks' prosecution and trial, and the Court finds it does not establish good cause to support Blanks' discovery requests.

**Conclusion**

After reviewing the record, the Court concludes that discovery is not warranted under Rule 6 of the Rules Governing Section 2255 Proceedings, because Blanks has not met his burden to establish the requisite "good cause" to support any of his discovery requests. It is appropriate to deny Blanks' discovery requests because he fails to provide specific evidence that the requested discovery would support his claims, and offers only generalized statements regarding the possibility that discoverable material may exist, or makes statements that are not supported by the record. As a result, the Court will deny the motion for discovery in all respects.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Jerris M. Blanks' Motion to Obtain Evidence and Documents in Support of Habeas Corpus Claims (ECF No. 7) is **DENIED**.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 24th day of May, 2023.