UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRIS M. BLANKS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:22-CV-1257 RLW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This federal prisoner habeas corpus matter under 28 U.S.C. § 2255 is before the Court on self-represented movant Jerris M. Blanks' Motion for Relief from Order Denying Request for Discovery in Support of Motion to Vacate Pursuant to Rule 60 (ECF No. 24).[1] The Court previously denied Blanks' Motion to Obtain Evidence and Documents in Support of Habeas Corpus Claims (ECF No. 7) by Memorandum and Order of May 24, 2023 (ECF No. 23). Blanks' current motion asks the Court to "correct the mistakes in it's [sic] rational[e] for denying his request for discovery in support of his Motion to Vacate." (Id. at 1.) Blanks cites Federal Rules of Civil Procedure 60(b)(1), (4) and (5) as procedural bases for his motion.

After careful review of the record and applicable law, the Court concluded that discovery was not warranted under Rule 6 of the Rules Governing Section 2255 Proceedings, because Blanks did not meet his burden to establish the requisite "good cause" to support any of his discovery requests. The Court determined it was appropriate to deny Blanks' discovery requests because he

---

[1] The Court notes that Blanks' motion, while typewritten and double-spaced, is in a font that is noticeably smaller than the 12-point font required by E.D. Mo. Local Rule 2.01(A). Blanks is cautioned that all future filings must be both double-spaced and in 12-point or larger font, or they may be stricken from the record for filing error.

failed to provide specific evidence that the requested discovery would support his claims, and offered only generalized statements regarding the possibility that discoverable material may exist, or made statements that were not supported by the record. As a result, the Court denied the motion for discovery in all respects. (ECF No. 23 at 10.)

**Discussion**

Rule 60(b) provides that a court may grant relief from a judgment for the following specified grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60.

Although Blanks' motion cites to subsections Rule 60(b)(1), (4), and (5), the Court finds that only Rule 60(b)(1) is potentially applicable here. In the motion, Blanks reargues the requests and points from his motion for discovery, and offers argument and explanation as to why the Court's reasoning in denying that motion was incorrect.

A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. Schwieger v. Farm Bureau Ins. Co. of Neb., 207 F.3d 480, 487 (8th Cir. 2000). Rule 60(b) is "not a vehicle for simple reargument on the merits." Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). The moving party "must establish [his] right to such relief by clear and convincing evidence." Stokors S.A. v. Morrison, 147 F.3d 759, 761 (8th Cir. 1998)

(quoted case omitted). Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir. 1984).

After careful consideration, the Court concludes Blanks fails to show that the Court's order denying his discovery motion in this § 2255 matter was the result of mistake, or that it will result in injustice. See Rule 60(b)(1), Fed. R. Civ. P. Blanks also fails to show exceptional circumstances or, by clear and convincing evidence, that he has the right to relief he seeks under Rule 60(b). The motion will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Jerris M. Blanks' movant Motion for Relief from Order Denying Request for Discovery in Support of Motion to Vacate Pursuant to Rule 60 (ECF No. 24) is **DENIED**.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 27th day of July, 2023.