**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JERRIS M. BLANKS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:22-CV-1257 RLW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This federal prisoner habeas corpus matter under 28 U.S.C. § 2255 is before the Court on review of the file. For the reasons that follow, movant Jerris M. Blanks' pending motions are denied, certain filings will be stricken from the record, and movant will be granted 120 days to file a reply or traverse to the United States' Response to Blanks' Motion to Vacate, Set Aside or Correct Sentence, in accordance with the Court's instructions.

**Background**

Jerris M. Blanks was found guilty by a federal jury on one count of receipt of child pornography and two counts of possession of child pornography. Judge E Richard Webber sentenced Blanks to a term of 130 months imprisonment. The Eighth Circuit Court of Appeals affirmed Blanks' judgment and conviction on February 1, 2021. United States v. Blanks, 985 F.3d 1070 (8th Cir. 2021), cert. denied, 142 S. Ct. 596 (2021). Blanks filed a pro se Motion to Vacate, Set Aside or Correct Sentence (ECF No. 1) on November 22, 2022, that asserts twenty-three grounds for habeas relief from his conviction. The case was assigned to this Court following Judge Webber's retirement.

Blanks filed a Motion to Obtain Evidence and Documents in Support of Habeas Claim that the Court denied by Memorandum and Order of May 24, 2023 (ECF No. 23). Blanks filed a Motion

for Relief From Order Denying Request for Discovery in Support of Motion to Vacate Pursuant to Rule 60, that the Court denied by Memorandum and Order of July 27, 2023 (ECF No. 28).

By separate Order of July 27, 2023 (ECF No. 27), the Court ordered that Blanks' 106-page Reply be stricken from the record for filing error. The Court granted Blanks until August 31, 2023 to file a Reply not to exceed 45 pages and in 12-point font or larger, double-spaced, as required by this Court's Local Rules 4.01(D) and 2.01(A)(1). On August 18, 2023, Blanks filed an interlocutory appeal of this Order claiming, in part, that he was unable to comply with its directions because he could not change the font size setting of the institution's equipment that he uses to prepare his filings. The Eighth Circuit Court of Appeals summarily affirmed this Court on November 2, 2023 (Judgment, ECF No. 63). Blanks filed a petition for writ of certiorari with the United States Supreme Court that was denied on May 13, 2024. (ECF No. 72.)

Meanwhile, in October 2023, Blanks filed a judicial complaint against the Court alleging judicial bias based on its denial of his motion to obtain evidence and documents, denial of the motion for relief from that order, and striking of his Reply memorandum. The judicial complaint was dismissed by Order of the Chief Judge of the Eighth Circuit Court of Appeals on January 22, 2024, in part based on a finding that Blanks' allegations of bias based on the Court's denial of his motions and striking his filing from the record were "frivolous" and "lacked sufficient evidence to raise an inference that misconduct has occurred." Blanks filed a petition for review of the dismissal with the Eighth Circuit Judicial Council, which voted to deny the petition for the reasons set forth in the Chief Judge's order of dismissal.

Despite having filed an interlocutory appeal and judicial complaint, Blanks continued to file numerous motions and other documents in this case while those matters were pending. Now that the appeal and judicial complaint have been resolved, the Court reviews these filings and will issue the following orders.

**Discussion**

    A. <u>Pending Motions</u>

        *1. Recusal Motions*

Blanks filed motions to recuse this Court based on bias (ECF No. 35), for the Chief Judge to rule on the recusal motion (ECF No. 36), amending the recusal motion (ECF No. 42), and for "Change of Venue and Random Reassignment Due to Conflict and Appearance of Partialness" [sic] (ECF No. 51). These motions are DENIED as moot, as Blanks' claims related to this Court's alleged bias have been addressed and rejected by the Chief Judge of the Eighth Circuit and the Eighth Circuit Judicial Council as "frivolous" and lacking evidence.

        *2. Discovery Motions*

Blanks filed a Motion to Subpoena Documents and Research Associated With the 2017 Review and Examination of the Evidence that was Withheld from the Record (ECF No. 55); a Motion to Subpoena Phone Records to Prove Government Perjury (ECF No. 56); and a Motion to Subpoena Google Location History Withheld at Trial (ECF No. 57).

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997). Instead, Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Court controls the discovery process in Section 2255 actions. The Eighth Circuit Court of Appeals has described the process as follows:

> Rule 6(a) . . . provides that "[a petitioner] shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." The Supreme Court has developed a general approach to the question of whether a petitioner has established "good cause" sufficient to warrant discovery under Rule 6(a). See <u>Bracy</u>, 520 U.S. at 904-09. Under <u>Bracy</u>, a habeas court must identify the "essential elements" of the petitioner's substantive claim, <u>id.</u> at 904, evaluate whether "'specific allegations . . . show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief,'" <u>id.</u> at 908-09 (quoting <u>Harris</u>

3

<u>v. Nelson</u>, 394 U.S. 286, 300 (1969)), and, if the petitioner has made such allegations, "'provide the necessary facilities and procedures for an adequate inquiry,'" <u>id.</u>"

<u>Newton v. Kemna</u>, 354 F.3d 776, 783 (8th Cir. 2004).

The burden to establish "good cause" rests with Blanks as the moving party, and his supporting factual allegations must be specific in order to warrant discovery. <u>See</u>, <u>e.g.</u>, <u>Smith v. United States</u>, 618 F.2d 507, 509 (8th Cir. 1980) (per curiam) (good cause for discovery not shown where movant failed to state what he hoped to find in records or how they would help him prosecute his section 2255 motion). "Mere speculation that some exculpatory material may have been withheld is unlikely to establish good cause for a discovery request on collateral review." <u>Strickler v. Greene</u>, 527 U.S. 263, 286 (1999). Rule 6 of the Rules Governing Section 2255 Proceedings does not authorize a "fishing expedition." <u>Rich v. Calderon</u>, 187 F.3d 1064, 1067 (9th Cir. 1999).

After careful review of the record and applicable law, the Court concludes in the exercise of its discretion that discovery is not warranted under Rule 6. Blanks does not meet his burden to establish the requisite "good cause" to support any of his discovery requests. As with his previous discovery motion, Blanks' pending discovery motions are untethered to specific claims in his § 2255 motion. Blanks fails to provide specific evidence that the requested discovery would support his claims, and offers only generalized, speculative statements regarding the possibility that discoverable material may exist to establish that the Government presented perjured evidence at trial and that the crime was committed at a different location and by a different person. As a result, these motions are denied.

4

*3. Motions for Evidentiary Hearing*

Blanks filed a Motion for Evidentiary Hearing to Settle Factual Disputes and Conflicting Information (ECF No. 66), and an Amended Supplemental Motion for Evidentiary Hearing to Settle Factual Disputes and Conflicting Information (ECF No. 70).

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that he is entitled to no relief." Feather v. United States, 18 F.4th 982, 989 (8th Cir. 2021) (cleaned up; quoted case omitted). But "no hearing is required where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Id.

At this stage of the case, Blanks' motions for an evidentiary hearing are premature. Briefing on the § 2255 motion is not complete and the Court has not had the opportunity to fully examine the record and the merits of Blanks' claims in order to determine if there are factual disputes, whether Blanks' allegations accepted as true would not entitle him to relief, or whether his allegations cannot be accepted as true. As such, the motions for evidentiary hearing are denied without prejudice. The Court will set an evidentiary hearing on its own motion if it determines that one is needed under the applicable standards.

B. Reply Briefing and Related Motions

Blanks filed a "Motion for Appointment of Counsel and Extension [sic] of Time to re-submit Reply to the Government's Response to Petitioner's Motion to Vacate or to Vacate E.D. Mo. Local Rules 4.01(b) and 2.01(A)(1) due to not having Ability to Comply" (ECF No. 29), and a "Motion for Court to Accept Reply to the Government's Response to Petitioner's Motion to Vacate As Is with no Error" (ECF No. 38).

Blanks refiled his 106-page Reply memorandum that the Court ordered stricken from the record for filing error. (ECF No. 39.) Blanks also filed a document titled "Addition to Reply to the

5

Government's Response to Petitioner's Habeas Corpus 2255 Motion to Vacate, Set Aside, or Correct Sentence Napue Claim" (ECF No. 53) along with an exhibit and an affidavit (ECF Nos. 53-1-3), and a thirteen-page "Traverse Under 28 U.S.C. 2248 and Clarification" (ECF No. 67).

It is well established that a movant in a § 2255 proceeding has no constitutional right under the Sixth Amendment to representation by counsel. United States v. Craycraft, 167 F.3d 451, 455 (8th Cir. 1999) (citing McClesky v. Zant, 499 U.S. 467, 494 (1991)). "The provisions of the Sixth Amendment regarding the right to counsel 'in all criminal prosecutions' is not applicable to movants under 28 U.S.C. § 2255." McCartney v. United States, 311 F.2d 475, 476 (7th Cir. 1963). The fact that a motion under § 2255 is a further step in the movant's criminal case rather than a separate civil action . . . does not mean that proceedings upon such a motion are of necessity governed by the legal principles which are applicable at a criminal trial regarding such matters as counsel, presence, confrontation, self-incrimination and burden of proof." Advisory Committee Note, 1976 Adoption. (Emphasis in original.) The appointment of counsel in a § 2255 proceeding is a matter solely within the discretion of the Court. United States v. Degand, 614 F.2d 176 (8th Cir. 1980); Tweedy v. United States, 435 F.2d 702, 703-04 (8th Cir. 1970) (citation omitted). Normally, collateral attacks do not warrant the appointment of counsel. Tweedy, 435 F.2d at 703-04.

Here, Blanks seeks the appointment of counsel on the basis that he "is absolutely unable to comply with the court's order to use a 12 point font" under the Court's Local Rules "as he does not have the ability, means, resources, or equipment to do so, as an inmate." (ECF No. 29 at 1.) Blanks also asserts it is necessary to have appointed counsel in order to condense his reply from 107 pages to address all of his issues. Blanks also states he "is only able to focus at 40%" because of sleep deprivation related to untreated sleep apnea. (Id.)

The Court will deny Blanks' motion for appointment of counsel in the exercise of its discretion. Blanks' filings in this case show that he is well able to prepare and submit documents related to his case. The Court will allow Blanks additional time to file a reply or traverse. Based on Blanks' repeated assertions that he cannot file a document in 12-point type, as required by the Local Rules, the Court will permit him to file a reply or traverse using the font size on the institutional equipment that is available for his use, or he may hand write it neatly.

Blanks' § 2255 motion contains 23 grounds and is 167 pages long. The United States sought and was granted leave to file a 44-page Response. The purpose of a reply brief is to respond to the statements and arguments in the opposition memorandum. See Blaes v. Johnson & Johnson, 858 F.3d 508, 516 (8th Cir. 2017). Blanks is therefore entitled to some deviation from the Local Rule's 15-page limit, but the Court finds that 45 pages is adequate, particularly where the United States was able to respond to Blanks' motion in 44 pages.

Consequently, Blanks' reply or traverse shall consist of one document that does not exceed 45 double-spaced pages. Any information Blanks wishes to present must be included in the reply or traverse. No supplements or amendments to the reply or traverse will be permitted, and any that Blanks files will be summarily stricken from the record. Blanks will be allowed 120 days from the date of this order to file his reply or traverse.

Blanks' motion to permit the filing of his 106-page reply "as is" is denied. Blanks' Reply, the Addition to the Reply, and the Traverse and Clarification will be stricken from the record.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Jerris M. Blanks' pro se Motion to Recuse Judge Ronnie L White 28 U.S.C. (144) (455) (ECF No. 35); Motion for the Chief Judge to Rule on Recusal Motion Due to Conflict (ECF No. 36); Amendment to Motion to Recuse Judge Ronnie L

White (ECF No. 42); and "Motion for Change of Venue and Random Reassignment Due to Conflict and Appearance of Partialness" [sic] (ECF No. 51) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Blanks' "Motion to Subpoena Documents and Research Associated With the 2017 Review and Examination of the Evidence that was Withheld from the Record" (ECF No. 55); Motion to Subpoena Phone Records to Prove Government Perjury (ECF No. 56); and Motion to Subpoena Google Location History Withheld at Trial (ECF No. 57) are **DENIED**.

**IT IS FURTHER ORDERED** that Blanks' Motion for Evidentiary Hearing to Settle Factual Disputes and Conflicting Information (ECF No. 66), and Amended Supplemental Motion for Evidentiary Hearing to Settle Factual Disputes and Conflicting Information (ECF No. 70) are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Blanks' "Motion for Appointment of Counsel and Extention [sic] of Time to re-submit Reply to the Government's Response to Petitioner's Motion to Vacate or to Vacate E.D. Mo. Local Rules 4.01(b) and 2.01(A)(1) due to not having Ability to Comply" (ECF No. 29), and a "Motion for Court to Accept Reply to the Government's Response to Petitioner's Motion to Vacate As Is with no Error" (ECF No. 38) are **DENIED**, except that the Court will permit Blanks to file a reply or traverse as ordered below.

**IT IS FURTHER ORDERED** that Blanks' Reply (ECF No. 39), Addition to Reply to the Government's Response to Petitioner's Habeas Corpus 2255 Motion to Vacate, Set Aside, or Correct Sentence Napue Claim (ECF No. 53), and Traverse Under 28 U.S.C. 2248 and Clarification (ECF No. 67), are **STRICKEN** for filing error and the Clerk shall remove these documents from the record and return them to Blanks.

**IT IS FINALLY ORDERED** that Blanks shall have 120 days, until **September 18, 2024**, to file a single reply or traverse in support of his Motion to Vacate, Set Aside or Correct Sentence.

The reply or traverse shall not exceed forty-five (45) double-spaced pages, but may be prepared using less than 12-point font. No supplements or additions to the reply or traverse will be permitted and any that are filed will be summarily stricken from the record.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of May, 2024.

9